UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
WESTERN DIVISION

ROBIN WEBB, M.D., an individual,

        Plaintiff,

vs.

M.G.H. FAMILY HEALTH CENTERS, INC

d/b/a MUSKEGON FAMILY CARE, a corporation,

        Defendant.

Case No. 1:24-cv-

Hon.

| | |
|---|---|
| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>Attorney for Plaintiff<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com | |

## **COMPLAINT**

The plaintiff, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

1.      The Plaintiff, Robin Webb, M.D. is a board-certified physician in Internal Medicine since November 1999.  He is licensed in the State of Michigan to practice medicine and has lived in Ottawa County while working in Muskegon County at all times relative to this complaint.

2.      The defendant M.G.H. Family Health Centers, Inc, d/b/a Muskegon Family Care, is a corporation that provides medical services to patients in the County of Muskegon, State of Michigan.

3. This lawsuit arises out of the defendant's employment of the plaintiff as a physician and its termination of that employment by it on June 6, 2023.

4. This lawsuit arises under the Americans with Disabilities Act, MCL 42 § 12101 et seq.

5. Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

6. Certain claims in this action arose under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this complaint.

8. On September 7, 2022 the parties entered into a one-year definite term contract wherein the plaintiff was to provide medical services for the defendant on its premises as an Internal Medicine Physician **(Exhibits 1 and 2)**.

9. After working around five months, Dr. Webb realized that the defendant was trying to compel him to practice outside of the medical guidelines and standards of care required of a board-certified internal medicine specialist, and he became concerned that it was over-prescribing narcotic medicine.

10. Dr. Webb refused to practice in an unethical way.

11. On February 24, 2023 the defendant gave Dr. Webb a performance improvement plan, accusing him of not following the standards of care directed by the American Board of Family Medicine and requesting improvements involving practicing family medicine physician guidelines, despite that was not Dr. Webb's specialty. This requirement also interfered with his ability to practice as a board-certified internal medicine.

12.     Dr. Webb became emotionally distressed because he had been ordered to practice unethically.

13.     On March 6, 2023, Dr. Webb experienced a medical emergency at work that involved extreme hypertension, confusion, dizziness, and numbness in one arm, requiring hospitalization.

14.     Dr. Webb's treating physician wrote an accommodation letter for him, which allowed him to return to work for two days a week and then gradually increase his hours as tolerated to full-time.

15.     Instead of working with Dr. Webb to accommodate him, after Dr. Webb provided the accommodation letter to the defendant and spoke to it about it, the defendant told Dr. Webb not to come to work at all unless he could work full-time with a full client load and under the same Performance Improvement Plan (practicing unethically) requirements.

16.     Dr. Webb wrote a letter on April 12, 2023 protesting being made to work unethically as a family physician when he was an internal medicine physician.

17.     Dr. Webb, as a mandatory reporter, filed a complaint with government agencies about being compelled to practice medicine unethically, putting his license at risk, and operating a pill mill.

18.     On June 6, 2023, the defendant sent Dr. Webb a letter indicating that it was terminating his employment for cause because of his disability, which it refused to accommodate, resulting in the defendant - imposed period of absence in excess of 90 days.

19.     As a result of the refusal to accommodate and the termination set forth above, Dr. Webb has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other damages.

**COUNT I – REFUSAL TO ACCOMMODATE AND RETALIATION**

3

20.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 19 of this complaint.

21.    The defendant could have accommodated Dr. Webb's return to work by letting him return and work up to his tolerance until he was 100%, which was the reasonable way to let him recover and build up his stamina.

22.    Instead, the defendant refused to accommodate Dr. Webb, demanding that he stay off work until he was 100% recovered.

23.    The accommodation Dr. Webb requested was reasonable and would not have been an undue hardship on the defendant.

24.    The conduct of the defendant described above violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., including, specifically, 42 U.S.C. § 12112, which directly led to the defendant's termination of his employment.

25.    The defendant also retaliated against Dr. Webb for requesting an accommodation by terminating his employment.

26.    As a result of the unlawful acts of the defendant described above the plaintiff suffered and will continue to suffer the damages described above.

**WHEREFORE**, the plaintiff requests a judgment against the defendant that includes appropriate equitable relief, including a declaration that he cannot work for them ever again upon their terms; front pay; appropriate legal relief, including compensation for Dr. Webb's loss of income and benefits; compensation for all intangible damages Dr. Webb has suffered and will continue to suffer in the future; punitive damages; and all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

### COUNT II – DISABILITY DISCRIMINATION

27.    The plaintiff restates and realleges as though fully set forth herein,

paragraphs 1 through 26 of this complaint.

28.    The defendant terminated Dr. Webb's employment by it because of his disabilities of hypertension, confusion, dizziness, and numbness.  which were unrelated to his ability to do his job with accommodation.

29.    As a result of the discrimination set forth above, Dr. Webb has suffered and will continue to suffer the damages set forth above.

30.    The plaintiff's claim is actionable under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq.

**WHEREFORE**, the plaintiff requests a judgment against the defendant that includes appropriate equitable relief, including a declaration that he cannot work for them ever again upon their terms; front pay; appropriate legal relief, including compensation for Dr. Webb's loss of income and benefits; compensation for all intangible damages Dr. Webb has suffered and will continue to suffer in the future; punitive damages; and all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

### COUNT III – BREACH OF DEFINITE TERM CONTRACT

31.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 30 of this complaint.

32.    The defendant violated a definite term one-year contract with the plaintiff by terminating his employment without cause before the end of the term.

33.    In doing so, the defendant refused to pay Dr. Webb.

34.    The defendant, therefore, breached its employment contract with Dr. Webb by not paying him the wages and other payments due him under his contract.

35.    As a result of the breach of contract the plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgment against the defendant that includes appropriate equitable relief, including a declaration that he cannot work for them ever again upon their terms; front pay; appropriate legal relief, including compensation for Dr. Webb's loss of income and benefits; compensation for all intangible damages Dr. Webb has suffered and will continue to suffer in the future; punitive damages; and all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

## COUNT IV – PUBLIC POLICY VIOLATIONS

36.    The plaintiff restates and realleges, as though fully set forth herein, paragraphs 1-35 of this complaint.

37.    The defendant demanded that Dr. Webb practice medicine outside of his area of expertise and licensure.

38.    Dr. Webb refused to practice outside of his licensure to avoid violating his oath to "do no harm" and to prevent the potential revocation of his license under the Public Health Code, 333.16221(C)(iii).

39.    As a result of Dr. Webb's refusal to practice outside of his licensure, the defendant terminated his employment.

40.    Dr. Webb, therefore, suffered, and will continue to suffer, the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgment against the defendant that includes appropriate equitable relief, including a declaration that he cannot work for them ever again upon their terms; front pay; appropriate legal relief, including compensation for Dr. Webb's loss of income and benefits; compensation for all intangible damages Dr. Webb has suffered and will continue to suffer in the future; punitive damages; and all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

Dated: August 30, 2024

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By:    _/s/ William F. Piper_____
William F. Piper (P38636)
BUSINESS ADDRESS:
9848 Portage Rd.
Portage, Michigan 49002
Phone: 269.321.5008
Fax: 269.321.5009